UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DONALD M. PARKER,<br><br>        Defendant. | No. 2:11-CR-0511-03 WBS<br><br>ORDER RE: MOTION FOR NEW TRIAL |

----oo0oo----

Before the court is defendant Donald M. Parker's Motion for New Trial brought under Federal Rule of Criminal Procedure 33 ("Rule 33"), which claims ineffective assistance of trial counsel. (Docket No. 678.) The court notes that the jury issued its verdict on March 11, 2014. (Docket No. 264.) The court also notes that defendant joined co-defendant Andrew B. Katakis' Motion for New Trial, which the court denied on May 11, 2017.[1] (Docket No. 637.) The court held a hearing on the Motion on

---

[1] Katakis also filed a motion for new trial based on ineffective assistance of counsel, which Parker did not join.

1

January 8, 2018.

Rule 33 states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," while all other motions for new trial "must be filed within 14 days after the verdict or finding of guilty." These time limits are jurisdictional, and the court is "not at liberty to disregard the explicit directive of Rule 33 and exempt from the [14] day limitation claims of ineffective assistance of counsel based upon facts known to the accused at the time of trial." United States v. Lara-Hernandez, 588 F.3d 272, 275 (9th Cir. 1978) (discussing prior 7-day limitation of Rule 33). Whether the 14-day or 3-year limitation of Rule 33 applies, defendant's motion is untimely and must be denied on that ground, even assuming defendant may bring a second motion for new trial.[2] Notably, defendant has not shown why he was unable to bring this motion earlier, considering that he received new counsel in late 2015.[3]

---

[2] The court notes that it approved a stipulation between the government and Katakis regarding the filing and briefing deadlines for Katakis' motion for new trial, and the court extended those deadlines from time to time. (See, e.g., Stipulation and Order Mar. 25, 2014 (Docket No. 284).) However, Parker never requested additional time to file a motion for new trial and simply joined in Katakis' motion.

[3] At oral argument, defendant implied (but did not specifically state) that his replacement counsel Hayes Gable was ineffective in failing to seek a new trial on the basis of ineffective assistance of trial counsel, and that Gable's ineffective representation was the reason for his delay in filing the instant Motion. Although the court does address defendant's claim that his trial counsel was ineffective, the court does not address this undeveloped theory regarding Gable's representation because a motion for new trial under Rule 33 is not "the preferred method for raising a claim of ineffective assistance of

1 | Moreover, defendant's motion fails on the merits, as he
2 | has neither shown that his counsel's performance was deficient
3 | nor that he was prejudiced by any purported deficiencies.  See
4 | Strickland v. Washington, 466 U.S. 668, 687-97 (1984).  The
5 | court's own observation of defendant's trial counsel confirms
6 | that his counsel performed competently and reasonably, given the
7 | facts of the case.  Further, defendant's own notebook and
8 | testimony, along with other evidence introduced at trial, was
9 | strong evidence that defendant committed all elements of the
10 | antitrust conspiracy with which he was charged.  Had his trial
11 | counsel presented the evidence defendant now argues should have
12 | been presented at trial, the court cannot imagine that the result
13 | would have been any different.  Thus, defendant suffered no
14 | prejudice.
15 | IT IS THEREFORE ORDERED that defendant Parker's Motion
16 | for New Trial (Docket No. 678) be, and the same hereby is,
17 | DENIED.
18 | Dated:  January 10, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

counsel." See United States v. Bishop, 629 F.3d 462, 469 (5th Cir. 2010) (citing, inter alia, Massaro v. United States, 538 U.S. 500, 504 (2003)).

3